AO 106 (Rev. 04/10) Application for a Search Warrant

Case 1:23-mr-01444-KK   Document 1   Filed 07/27/23   Page 1 of 11

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   **23mr1444**
The person of Octavio JIMENEZ-Marquez )
(YOB: 1986) )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated by reference.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(5)(A) | Possession of a firearm by an alien who is illegally or unlawfully in the United States |

The application is based on these facts:
See Attached Affidavits and Attachments

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Erick D. Castañeda*
Applicant's signature

DEA TFO Erick D. Castaneda
Printed name and title

Telephonically sworn to me and electronically signed.

Date: July 27, 2023

*Kirtan Khalsa*
Judge's signature

City and state: Albuquerque, NM

Hon. Kirtan Khalsa, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| IN THE MATTER OF THE SEARCH OF:<br><br>The Person of Octavio JIMENEZ-MARQUEZ (YOB: 1986) | Case No. _____ |
|---|---|

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Task Force Officer ("TFO") Erick D. Castañeda of the Drug Enforcement Administration ("DEA"), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND OF THE AFFIANT**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to obtain a Deoxyribonucleic Acid ("DNA") sample, by way of buccal swab, from Octavio JIMENEZ-MARQUEZ ("JIMENEZ") for laboratory analysis.

**Background of the Affiant**

1. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") and have been since June 2020. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest and search warrants. Furthermore, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516. Prior to being a TFO with the DEA, I worked as a full-time sworn law enforcement officer with the Bernalillo County Sheriff's Office ("BCSO") since June 2015.

2. In my time as a Sheriff's Deputy and a DEA TFO, I have received training including controlled substance identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects, including latent fingerprint collection and analysis.

3. As a certified Sheriff's Deputy and DEA TFO, I have participated in numerous investigations of individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a TFO includes but is not limited to: conducting surveillance; interviewing witnesses; participating in arrests, searches, and seizures; working in an undercover capacity and working with informants and investigating money laundering cases. I have received training and experience in the investigation of violations of federal and state drug and money laundering laws. I have participated in the investigation of several drug trafficking conspiracies. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

2. I also have experience in analyzing and interpreting drug codes and cryptic dialogues used by drug traffickers in both English and Spanish.

3. As a result of my training and experience, I am aware that aliens who illegally or unlawfully entered the United States must not own, possess, or have access to firearms, ammunition, destructive devices, or dangerous weapons. Through my training

and experience, I am also aware that when individuals handle and manipulate firearms or ammunition, their DNA—from human saliva and droplets of sweat containing the DNA—is often left behind and can be detectable by lab technicians. This evidence can be used to help identify an individual after the individual comes in contact with the surface of a firearm or ammunition.

4. The facts in this affidavit come from my personal observations, training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about the matter.

5. Because this Affidavit is submitted for the limited purpose of seeking a search warrant, I have not set forth each and every fact learned during the course of this investigation. I have set fourth only the facts that I believe are necessary to establish probable cause for the requested warrant.

**IDENTIFICATION OF THE INDIVIDUAL TO BE SEARCHED**

6. The individual to be searched is Octavio JIMENEZ ("JIMENEZ"). JIMENEZ is a Hispanic adult male, with a year of birth of 1986 and no social security number. JIMENEZ, has brown eyes, stands approximately 5 feet 10 inches in height, and weighs approximately 180 pounds.

    a. This warrant would authorize buccal swabs from JIMENEZ by way of oral swabs, which will be forwarded to a law enforcement forensic laboratory for DNA analysis and comparison. Based on the following information, I have probable cause to believe the requested DNA sample will yield evidence that JIMENEZ violated

18 U.S.C. § 922(g)(5)(A): Possession of a firearm by an alien who is illegally or unlawfully in the United States.

      b.      JIMENEZ is presently in custody at the Cibola County Correctional Facility ("CCCF") after he was indicted on the following charges: Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute 50 Grams and More of Methamphetamine; 18 U.S.C. § 2, Aiding and Abetting; and Count 2: 18 U.S.C. §§ 922(g)(5)(A) and 924: Alien in Possession of a Firearm.

## SUMMARY OF PROBABLE CAUSE

1.      On February 22, 2022, at approximately 1327 hours, Albuquerque Police Department Officers (APD) were dispatched to a stolen vehicle call for service at 2501 Kathryn Ave., SE in Albuquerque, New Mexico.

2.      The vehicle in question was a black 2022 Ram 2500 pick-up (VIN-3C6UR5GL9NG149232). The vehicle was reported stolen on January 30, 2022, by APD.

3.      Upon arrival, APD Officers observed a parked black Ram pick-up truck matching the description given by the calling party. Officers observed three male subjects inside the pick-up truck. The driver, who was later identified as JIMENEZ, exited the vehicle. Officers gave commands for JIMENEZ to get on the ground, and he complied. The front passenger was who was identified as Byron POPPLEWELL was also detained. The third passenger, who was sitting behind the driver, exited the vehicle and fled on foot. Officers did not locate the third suspect.

4.      Officers confirmed the vehicle was stolen and contacted the registered owner to ask if he/she knew JIMENEZ and if JIMENEZ had permission to use the vehicle.

The registered owner told the officers that he/she did not know JIMENEZ and had was not allowed to use the vehicle.

5.  APD Officers conducted an inventory prior to towing the vehicle. During the inventory, officers located a large clear plastic bag containing a crystal-like substance underneath driver seat. The substance was later field tested, and it tested positive for the presence of methamphetamine, and it had an approximate weight of 483.5 grams. In my training and experience, 483.5 gross grams of methamphetamine is drug trafficking and is inconsistent with personal use. Officers located an unloaded Colt King Cobra .357 (serial # KC9868) firearm underneath the driver's seat next to the methamphetamine. This firearm was reported stolen upon an NCIC check. Officers also located a purple Motorola Smartphone underneath the driver seat next to the methamphetamine.

6.  Officers also located a large clear plastic bag containing a crystal-like substance left rear floorboard. This substance also field tested presumptive positive for the presence of methamphetamine and had an approximate weight of 164 gross grams. This amount is also consistent with drug trafficking and inconsistent with personal use. Officers also located a Century Arms AK style rifle (serial# AB2-C100235) on the front passenger floorboard, which was loaded but did not have a round chambered.

7.  JIMENEZ was placed under arrest for trafficking a controlled substance and transported to the Prisoner Transport Center (PTC).

### Post *Miranda* Interview with JIMENEZ

8.  SA Queen and TFO Castaneda were notified that JIMENEZ had been arrested by APD. Agents arrived at the PTC and spoke with Officers who advised agents of the details pertaining to the arrest of JIMENEZ. TFO Castaneda and SA Queen took

custody of JIMENEZ and transported him to the DEA Albuquerque District Office ("ADO").

9. At the ADO, TFO Castaneda and SA Queen conducted a post arrest interview which was recorded. TFO Castaneda advised JIMENEZ of his Constitutional Rights per Miranda, which JIMENEZ stated he understood and agreed to speak to Agents. <u>The following synopsis of JIMENEZ' statements is not organized in the order it was told to investigators, but rather the agent's synopsis attempt to organize the information.</u>

10. JIMENEZ stated a friend who goes by "TAZ," let him borrow the Ram truck on this date. He stated "TAZ" dropped off the vehicle to him somewhere off of Tramway around 6-7 AM. JIMENEZ stated he picked up his other friend "Vyron" around 10 AM. He stated he was at his mother's complex when the third male subject he knows got in the truck. He stated he does not know his name, but knows that he lives in the area. JIMENEZ stated he was moving some items for his mother when APD showed up and arrested him.

11. When asked if there were any firearms in the vehicle, he stated there was a rifle inside the truck which he grabbed to move out of the way, but stated it was not his. He stated he was not aware of any other firearms in the vehicle. When asked about the methamphetamine that was found in the vehicle, JIMENEZ stated it was not his.

12. JIMENEZ stated he does not know "TAZ" very well as he has only seen him a couple times. He stated he does not know where "TAZ" lives and does not have his phone number. When asked if it made sense for "TAZ" whom he doesn't know anything

about except for his nickname, let him borrow a 2022 Ram pick-up truck with a rifle inside and drugs and JIMENEZ stated "I don't know".

13. TFO Castaneda asked if his fingerprints/DNA would be on the bags containing the methamphetamine and any other firearms besides the rifle and JIMENEZ stated, "I wouldn't know." When asked to clarify with a yes or no he stated "no."

14. JIMENEZ was asked if "Vyron" had any belongings on him when he picked him up and he stated he did not remember. He was also asked if the third unknown male had any belongings and he stated the male only brought a car jack with him.

### FOLLOW-UP INVESTIGATION

15. On February 23, 2022, I placed JIMENEZ under arrest for possession with intent to distribute 50 grams and more of a mixture or substance containing a detectable amount of methamphetamine.

16. After doing a criminal history check, I learned JIMENEZ is an alien who is illegally or unlawfully in the United States.

17. On February 28, 2022, JIMENEZ was released to a half-way house in Albuquerque, NM.

18. On July 11, 2022, JIMENEZ absconded from the half-way house and a warrant for his arrest was issued.

19. On December 6, 2022, JIMENEZ was arrested by the Bernalillo County Sheriff's Office and U.S. Marshal's Service.

20. I am requesting to collect a DNA sample from JIMENEZ to compare to the DNA that could be on the firearms found in the vehicle. I have probable cause to believe the collection of the requested DNA sample will provide evidence that JIMENEZ

committed the offense of 18 U.S.C. § 922(g)(5)(A): Possession of a firearm by an alien who is illegally or unlawfully in the United States.

## CONCLUSION

21. Based on the aforementioned information, I believe JIMENEZ violated 18 U.S.C. § 922(g)(5)(A): Possession of a firearm by an alien who is illegally or unlawfully in the United States. As such, I am seeking authorization to collect DNA samples from JIMENEZ to be utilized in the examination of the evidence collected in that matter, specifically to compare with any DNA that is found on the firearm.

22. This affidavit has been reviewed by Assistant United States Attorney Elaine Ramirez of the District of New Mexico.

Respectfully submitted,

*Erick D. Castañeda*
Erick D. Castañeda
DEA Task Force Officer

Telephonically subscribed and sworn to before me on July 27, 2023:

*Kirtan Khalsa*
THE HONORABLE KIRTAN KHALSA
United States Magistrate Judge

## ATTACHMENT A

### PERSON TO BE SEARCHED:

The body of Octavio JIMENEZ-Marquez ("JIMENEZ") (born in 1986), who is currently in custody at the Cibola County Correctional Center located at 2000 Cibola Loop, Grants, New Mexico and is pictured below.



## ATTACHMENT B

### ITEMS TO BE SEIZED

Officers will collect the DNA of JIMENEZ by way of buccal swabs.